UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Docket No. 3:99CR264(AHN) |
| CRAIG BALDWIN | : | |

RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Craig Baldwin ("Baldwin"), moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court to reduce a sentence that is based on a guideline range that has been subsequently lowered by the Sentencing Commission. Specifically, Baldwin seeks resentencing under Amendment 706, which retroactively altered guideline § 2D1.1 to reduce the base offense levels that apply to crack cocaine offenses. Baldwin maintains that pursuant to the Amendment he is entitled to a two-level reduction in his § 2D1.1 base offense level, which he claims would result in a lower sentence. The government asserts that because Baldwin was sentenced to a non-guidelines, mandatory minimum sentence, he does not benefit from the Amendment. The court agrees.

I.      **Factual and Procedural Background**

On November 29, 2005, Baldwin pleaded guilty to possession with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(a). This offense carries a statutory maximum penalty of life imprisonment and a statutorily mandated minimum sentence of 10 years imprisonment. 21 U.S.C. § 841(b)(1)(A).

After the plea, the Probation Department prepared Baldwin's Presentence Report

("PSR"). Because the quantity of crack cocaine attributed to him was 50 grams or more, his base offense level under § 2D1.1(c)(4) was 32. Two levels were added pursuant to § 2D1.1(b)(1) for possession of a firearm, and he received a three-level reduction pursuant to § 3E1.1 for acceptance of responsibility, which resulted in a total offense level of 31. With his criminal history category of IV, his applicable guidelines sentencing range was 151 to 188 months imprisonment.

Baldwin was sentenced on March 5, 2007. The court, (Nevas, J.), adopted the facts and calculations in the PSR and, based on his total offense level 31 and criminal history category IV, found that his resulting guideline range was 151 to 188 months. The court however, sentenced him to 120 months imprisonment, the statutory mandatory minimum, which was below the post-Booker advisory guidelines range. Pursuant to the § 3553(a) factors, the court concluded that this non-guidelines sentence was sufficient to promote the purposes of sentencing, and was appropriate because Baldwin had been incarcerated for two years on an indictment that was later dismissed, had reestablished contact with his family, and had been counseling others while in pre-trial detention.

**II. Section 3582(c)(2) and Amendment 706**

In November 2007, the Sentencing Commission amended the Sentencing Guidelines to generally reduce by two levels the base offense levels of U.S.S.G. § 2D1.1, which apply to crack cocaine convictions. See U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007) ("Amendment 706"). While the Amendment was made retroactive, the district court is only authorized by 18 U.S.C. § 3582(c)(2) to resentence a defendant if resentencing is consistent with the Sentencing Commission's applicable policy statements.

**III. Determination of Whether a Reduction is Warranted**

Here, Baldwin correctly asserts that if Amendment 706 had been in effect at the time he was sentenced, his base offense level under the revised § 2D1.1 would be lowered from a base offense level 32 to a base offense level 30, and his total offense level would also be reduced by two levels, from 31 to 29, which would result in an amended guideline range of 121 to 151 months. However, while the Amendment has the effect of lowering his guideline sentencing range, the Amendment is unavailing because his new range is greater than the 120-month, mandatory minimum, non-guideline sentence that the court originally imposed.. The Amendment only applies to the guideline calculations, it has no effect on statutory minimum sentences. Pursuant to U.S.S.G. §§ 5G1.1 and 5G1.2, a sentence under an applicable guideline range cannot be less than any statutorily required minimum sentence. See United States v. Candelario, No. 06cr201(LMM), 2008 WL 1944698 (S.D.N.Y. April 28, 2008). Thus, even if his amended range were lower than the statutory minimum, Baldwin would not be eligible for relief under the Amendment because the entire term of his sentence represents a statutory mandatory minimum. Moreover, because Baldwin received a non-guidelines sentence that was determined pursuant to § 3553(a) and Booker, a further reduction would not be appropriate. See U.S.S.G. § 1B1.10(b)(2)(B); United States v. Smith, 614 F. Supp.2d 433 (S.D.N.Y. 2009).

**IV. Conclusion**

For the foregoing reasons, Baldwin's motion for resentencing [doc. # 2242] is DENIED.

.        SO ORDERED.

                              /s/_____
                              ELLEN BREE BURNS
                              UNITED STATES DISTRICT JUDGE

Dated this 11th day of September, 2009 at New Haven, Connecticut.